IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TEAM SYSTEMS INTERNATIONAL, LLC, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | 2:13-CV-427-KOB |
| ] | |
| AQUATE CORPORATION ] | |
| ] | |
| Defendant. ] | |
| ] | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the court on Defendant AQuate Corporation's motion to transfer this case from the Southern Division of the Northern District of Alabama to the Northeastern Division of the Northern District of Alabama. (Doc. 14). Plaintiff Team Systems International, LLC, opposed the motion.  After considering both parties' arguments the court GRANTS the Defendant's motion to transfer to the Northeastern Division of the Northern District of Alabama.

"'District courts have broad discretion in deciding whether to transfer an action to a more convenient forum.'" *A.J. Taft Coal Co. v. Barnhart*, 291 F. Supp. 2d 1290, 1307 (quoting *Johnston v. Foster–Wheeler Constructors, Inc.*, 158 F.R.D. 496, 503 (M.D.Ala.1994)).  A court's decision of whether to transfer a case under 28 U.S.C. § 1404(a) is "'an individualized case-by-case consideration of convenience and fairness.'" *A.J. Taft Coal Co.*, 291 F. Supp. 2d at 1307 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).  On ruling on a motion to transfer venue, the court must engage in a two-part inquiry: "As a threshold matter, the court

must consider if the case 'might have been brought' in the transferee court. 28 U.S.C. § 1404(a). Second, the court must ask whether the balance of factors under § 1404(a) weighs in favor of transferring this action to the transferee court. 28 U.S.C. § 1404(a)." *A.J. Taft Coal Co.*, 291 F. Supp. 2d at 1307.

The parties do not dispute that this case could have been brought in the Northeastern Division; thus, the only question is whether the convenience of the parties and the interests of justice weigh in favor of transferring this case there. The Eleventh Circuit has provided a list of factors for district courts to utilize when weighing whether a transfer of venue is appropriate:

> Section 1404 factors include (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n. 1 (11th Cir. 2005) (citing *Gibbs & Hill, Inc. v. Harbert Int'l, Inc.*, 745 F.Supp. 993, 996 (S.D.N.Y.1990)).

Under normal circumstances, district courts give great deference to the plaintiff's choice of forum. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir.1989). However, "'where the forum selected by the plaintiff is not connected with the parties or the subject matter of the lawsuit, it is generally less difficult than otherwise for the defendant, seeking a change of venue, to meet the burden of showing sufficient inconvenience to tip the balance of convenience strongly in the defendant's favor.'" *Insuracorp, Inc. v. Am. Fid. Assur. Co.*, 914 F. Supp. 504, 506 (M.D. Ala. 1996) (quoting *Prather v. Raymond Constr. Co.*, 570 F. Supp. 278, 284 (N.D. Ga. 1983)).

In this case, the Defendant does not request to transfer judicial districts but rather to transfer

to a different division within the Northern District of Alabama—the Northeastern Division, which encompasses Huntsville, Alabama.  The Defendant corporation's principal place of business is in Huntsville, and the Defendant asserts that all of its witnesses and relevant litigation documents are also located in Huntsville. The Defendant's entire operation is in Huntsville , and the performance of the contract under issue occurred in Huntsville. The Plaintiff's principal place of business is in Reston, Virginia, and Plaintiff does not assert that any of its witnesses or relevant documents are located in the Southern Division of the Northern District of Alabama where it filed this case. In considering all of the relevant factors listed above, the only factor that the court finds weighs in favor of not transferring this case is that the Plaintiff originally filed it here.  Any inconvenience in travel from Virginia to Huntsville is no more inconvenient than travel from Virginia to Birmingham, with the federal courthouses in the two cities being only a little over one hundred miles apart. The Plaintiff does not show "sufficient inconvenience to tip the balance of convenience strongly in [its] favor." *Insuracorp, Inc. v. Am. Fid. Assur. Co.*, 914 F. Supp. at 506.

      The court determines that the convenience of the parties and witnesses and the interests of justice weigh heavily in favor of transferring this case to the Northeastern Division, which encompasses Huntsville, Alabama. Without any compelling reason to retain the case, the court TRANSFERS the case to the Northeastern Division of the Northern District of Alabama.

      DONE and ORDERED this 1st day of April, 2013.

                                                      */s/ Karon O. Bowdre*
                                                      KARON OWEN BOWDRE
                                                      UNITED STATES DISTRICT JUDGE